UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------ x
JAN VAN ECK,                                                 :
                                                             :
                        Plaintiff,                           :
                                                             :
            v.                                               :    3:24-CV-01873 (SFR)
                                                             :
MARK BAUER ET AL.,                                           :
                                                             :
                        Defendants.                          :
------------------------------------------------------------ x
```

## MEMORANDUM & ORDER

Plaintiff Jan Van Eck brought this action against several defendants alleging misconduct relating to a property in Weston, Connecticut. Defendants Mark Bauer and Mark S. Bauer, LLC (the "Bauer Defendants") have moved for summary judgment. The remaining Defendant, Ryan McSpedon, has moved to dismiss the Complaint. For the reasons explained below, I grant the motions.

### I.     BACKGROUND

#### A.    Factual Background[1]

Defendant Mark S. Bauer, LLC acquired 16 Briar Oak Drive, Weston, Connecticut ("the Property") by deed from Deutsche Bank National Trust Company ("Deutsche Bank") on

---

[1] Local Rule 56(a)1 requires a party moving for summary judgment to file "a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." D. Conn. L. Civ. R. 56(a)1. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 statement containing separately numbered paragraphs corresponding to the Local Rule 56(a)1 statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. D. Conn. L. Civ. R. 56(a)2. Each denial must include a specific citation to an affidavit or other admissible evidence. D. Conn. L. Civ. R. 56(a)3. "'Since it is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits, he must file his own affidavits contradicting his opponent's if he wants to preserve

July 30, 2024. Defendants' Local Rule 56(a)(1) Statement of Undisputed Material Facts ("Defs.' L.R. 56(a)1 St.") ¶¶ 1, 4, ECF No. 39-1. Deutsche Bank had acquired title to the Property on June 7, 2018 as a result of a state court judgment of strict foreclosure in its favor (the "Foreclosure Action"). *Id.* ¶ 1. Deutsche Bank brought the Foreclosure Action to foreclose a mortgage (the "Mortgage") given by Walter Reddy III ("Reddy") to Mortgage Electronic Registration Systems, Inc. as nominee for Virtualbank. *Id.* ¶¶ 1, 3. The Mortgage had been assigned to Deutsche Bank by Assignment of Mortgage recorded on the Weston Land Records. *Id.* ¶ 3. Deutsche Bank's counsel recorded a *lis pendens* on the Weston Land Records giving notice of the Foreclosure Action. *Id.* ¶ 2. In the Foreclosure Action, Reddy asserted that Deutsche Bank was not entitled to foreclose the Mortgage because Deutsche Bank used "false

---

factual issues for trial,' either the district court or the moving party is to supply the pro se litigant with notice of the requirements of Rule 56." *Irby v. New York City Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280-81 (2d Cir. 1999)). Defendants informed Van Eck of this requirement. *See* Notice, ECF No. 40.

      Despite receiving this notice, Van Eck did not submit a Local Rule 56(a)2 statement. That Van Eck is self-represented does not excuse him from complying with the court's procedural and substantive rules. *See Baltas v. Bowers*, No. 3:23-CV-0764 (VAB), 2024 WL 1977646, at *1 (D. Conn. Apr. 26, 2024) ("Plaintiffs, although they are proceeding pro se, are bound to comply with the provisions of the Federal Rules . . . as well as this District's Local Rules.") (internal quotation marks omitted). Therefore, the facts contained in Defendants' Local Rule 56(a)1 statement, where supported by evidence in the record, may be deemed admitted. *See* D. Conn. L. Civ. R. 56(a)3 ("Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1, or in the Court imposing sanctions . . . ."). Although courts can consider a verified complaint for summary judgment purposes, *Jordan v. LaFrance*, No. 3:18-cv-1541 (MPS), 2019 WL 5064692, at *1 n.1 (D. Conn. Oct. 9, 2019), Van Eck's complaint is not verified. In addition, Van Eck has not submitted any affidavits, declarations, or other evidence with his opposition to summary judgment. Accordingly, the facts set forth in Defendants' Local Rule 56(a)1 Statement are deemed admitted. However, because Van Eck is proceeding *pro se*, I liberally construe Eck's filings as raising the strongest arguments that they suggest for the purpose of summary judgment. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.").

2

or illegal information or methods to obtain their illegal interest in said property." ECF No. 39-11, at 5. The Connecticut Superior Court rejected that claim in a Memorandum of Decision granting Deutsche Bank's Motion for Summary Judgment. *Id.* at 5, 8. (concluding that Reddy had failed to submit facts establishing an material issue of fact regarding "impropriety based on the manner in which Plaintiff obtained its interest in the property (mortgage).").

Van Eck claims to possess the original promissory note secured by the Mortgage. Compl., ECF No.1. Van Eck states that Reddy obtained a loan from Virtualbank, which issued a note that it then "sold into the secondary investment market." *Id.* Van Eck states that he is a "note Buyer and investor" who acquired the note and retains it "in his possession together with the original wet-ink mortgage pledge of security on the Property." *Id.*[2] According to Van Eck, third parties obtained an image of the note and attempted to sue Reddy in foreclosure claiming non-payment. *Id.* Van Eck says that he (Van Eck) seized the Property and began the process of making repairs to it after Reddy was ejected by the actions of Deutsche Bank (and an entity Specialized Loan Servicing LLC) in housing court. *See id.* at 2-3.  Van Eck says that after people associated with Sanchez Assess Realty (who were hired by Auction.com to show the property) complained to the Weston Police of trespass, the police arrested his painter and the real estate agents changed the locks. *Id.* at 2. Van Eck says that he informed Bauer that the parties attempting to sell the Property to Bauer had no right to do so. *Id.* at 8.

Van Eck says Defendants "repudiate plaintiff's Note and his claim to the collateral" and "have engaged in a conspiracy with Specialized and Auction.com to usurp, convert, and

---

[2] The Complaint contains no allegation that Virtualbank endorsed the note to Van Eck or to bearer or gave Van Eck an assignment of the Mortgage. *See* Conn. Gen. Stat. 42a-3-109(a)(1)-(3).

contaminate the title to the described collateral, a theft or taking which defendants refused to return." *Id.* at 3. Van Eck brings claims for "conspiracy" saying that Defendants have refused to pay the note and "converted the collateral Property to themselves to insure to their own wrongful gain." *Id.* at 6, 8. He also brings claims for claims "trespass," *id.* at 11, and "theft by conversion," stating that Defendants have "physically stolen the subject Property," *id.* at 9. Finally, he seeks "relief by Injunction," asking the court to order the Weston Town Clerk to "void" Deutsche Bank's deed and to refuse to accept certain filings concerning the Property. *Id.* at 11-12. Van Eck's Complaint appears based on the theory that Deutsche Bank's foreclosure was invalid because Van Eck was in possession of the original note that the Mortgage secured. It appears to be his view that whoever possesses a note automatically owns it and also any mortgage securing it.

The Complaint contains no specific allegations against Defendant Ryan McSpedon, other than saying McSpedon is a principal in MRK Venture Capital, LLC, which he "operates as his alter-ego out of his home address, together with his associate Bauer." *Id.* at 4. Regarding the now dismissed defendant MRK Venture Capital, LLC, the Complaint says only that it is used by Bauer and McSpedon "as a litigation-remote entity to attempt to avoid having their personal assets attached for compensation by victims of their predatory real-estate activities." *Id.*

The Bauer Defendants assert, and Van Eck does not deny, that Van Eck has never recorded on the land records any assignment evidencing any transfer of the Mortgage to him. Defs.' L.R. 56(a)1 St. ¶ 5, ECF No. 39-1. Nor did he seek to be made a party to the Foreclosure Action. *Id.* ¶ 6.

Van Eck has filed at least three other lawsuits based on the claim that Reddy remains the owner of the Property because Deutsche Bank's foreclosure was invalid. First, Van Eck filed an action against Deutsche Bank in Maine state court stating that Deutsche Bank's foreclosure was invalid because Van Eck possesses the original note and therefore Reddy remains the owner of the Property. That action was dismissed with prejudice on July 10, 2024. *See Van Eck v. Deutsche Bank National Trust Company, et al.*, ROCSC-24-00010 (Knox Cnty. Super. Ct., Me.)[3] Second, Van Eck filed a case in the U.S. District Court for the District of Vermont, which was dismissed on September 22, 2020, with prejudice for failure to prosecute. *See Van Eck v. Deutsche Bank America's Holding Corporation*, No. 2:18-cv 00232-WKS (D. Vt.), ECF No. 24. Third, *Van Eck v. Auction.com Inc.*, was initially filed in Maine state court, later removed to the United States District Court for the District of Maine, and then transferred to the District of Connecticut where it was dismissed with prejudice on November 4, 2024, due to Van Eck's failure to respond to a motion to dismiss. 3:24-cv-01528-VDO (D. Conn.), ECF No. 38.

B.  **Procedural History**

This action was filed on August 16, 2024 in the U.S. District Court for the Southern District of New York. Compl., ECF No. 1. On October 18, 2024, following a conference, the Court (Seibel, J.) transferred the case to the District of Connecticut for lack of venue in the Southern District of New York. Order, ECF No. 18. The transfer was on the application of the Bauer Defendants, on consent of Van Eck, and without objection from Defendant McSpedon.

---

[3] Defendants supply a memorandum and order from this case. *See* ECF Nos. 39-9, 39-10, 54-2.

*Id.* On December 2, 2024, the Court[4] issued an Order to Show Cause, questioning whether service was proper on MKR Venture Capital, LLC and ordering Van Eck to show why service was proper. Order to Show Cause, ECF No. 36. After Van Eck failed to respond to the Order to Show Cause, despite the Court giving him several opportunities, the Court directed the Clerk to terminate Defendant MKR Venture Capital, LLC, from this action. Order, ECF No. 46.

On December 5, 2024, the Bauer Defendants filed a Motion for Summary Judgment. Defs.' Mot. Summ. J., ECF No. 39. On January 2, 2025, Defendant McSpedon, proceeding *pro se*, filed a Motion to Dismiss. Def.'s Mot. Dismiss, ECF No. 48. This case was transferred to me on January 6, 2025. ECF No. 49. On May 5, 2025, following Van Eck's failure to respond to the Motion for Summary Judgment and the Motion to Dismiss, I extended *sua sponte* the deadline for Van Eck to respond to May 26, 2025. ECF No. 50. On May 27, 2025, Van Eck filed objections to the Motion for Summary Judgment and the Motion to Dismiss. ECF Nos. 52, 53. On June 10, 2025, the Bauer Defendants filed a reply. ECF No. 54.

## II.   LEGAL STANDARD

The court will construe pro se filings to raise the strongest arguments they suggest. *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (internal emphasis and quotation marks removed).

---

[4] The Honorable Sarala V. Nagala presided over this case until it was transferred to me on January 6, 2025.

**A.     Motion to Dismiss**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of cause of action's elements will not do.") (citations omitted). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 358-59 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

B.   **Summary Judgment**

The Court will grant a motion for summary judgment if the record shows no genuine issue as to any material fact, and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). The non-moving party may defeat the motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in original). The moving party may satisfy this burden by pointing out to the district court an absence of evidence to support the nonmoving party's case. *See PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the

8

nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted). The party opposing the motion for summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.*; *see also Atkinson v. Rinaldi*, No. 3:15-cv-913 (DJS), 2016 WL 7234087, at *1 (D. Conn. Dec. 14, 2016) (holding nonmoving party must present evidence that would allow reasonable jury to find in his favor to defeat motion for summary judgment); *Pelletier v. Armstrong*, No. 3:99-cv-1559 (HBF), 2007 WL 685181, at *7 (D. Conn. Mar. 2, 2007) ("[A] nonmoving party must present 'significant probative evidence to create genuine issue of material fact.'") (quoting *Soto v. Meachum*, 3:90-cv-270 (WWE), 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991)).

The Court must view any inferences drawn from the facts in the light most favorable to the party opposing the summary judgment motion. *Dufort v. City of New York*, 874 F.3d 338, 343 (2d Cir. 2017). The Court will not credit conclusory allegations or denials. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). After drawing all inferences in favor of the non-moving party, if the Court finds that no reasonable trier of fact could find in the non-movant's favor and the moving party is entitled to judgment as a matter of law, the Court will grant the summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

### III.   DISCUSSION

The Motion for Summary Judgment filed by the Bauer Defendants requests that the Court grant summary judgment in their favor and dismiss the action with prejudice as to all parties on the grounds that (1) any interest Van Eck may claim in the Property was extinguished

by operation of Connecticut law due to the effect of a *lis pendens* recorded by the Bauer Defendants' predecessor-in-title in connection with its foreclosure of the Property; (2) Van Eck is equitably estopped from attacking the Bauer Defendants' title to the Property due to his failure to record on the land records an assignment of the mortgage he claims to own; (3) Van Eck's claims are barred by the doctrine of *res judicata* because Van Eck has already unsuccessfully litigated the claim he asserts in this action; and (4) Van Eck lacks standing to attack the Bauer Defendants ownership of the Property because Van Eck does not claim to own the Property. Defs.' Mot. Summ. J. at 1, ECF No. 39.

I agree that any interest Van Eck may claim in the Property was extinguished as a result for the Foreclosure Action, given the recording of the *lis pendens*. Under Connecticut law, a plaintiff in a foreclosure action may record a notice of *lis pendens*, which makes any subsequently executed or recorded interest automatically subject to the foreclosure. Conn. Gen. Stat. § 52-325(a) provides in relevant part:

> Such notice [of *lis pendens*] shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action.

Conn. Gen. Stat. § 52-325(a).

"One of the purposes of the Lis Pendens statute is to eliminate the need for the plaintiff who is foreclosing to obtain title to the real property, from being constantly monitoring the land records to see if any subsequent liens or encumbrances or conveyances occur and then being required to cite in each party for their subsequent interest in that real property as a party

10

defendant." *U.S. Bank Nat'l Ass'n V. Smith*, No. FST CV 23-6060444 S, 2025 WL 457656, at *3 (Conn. Super. Ct. Feb. 7, 2025); *see also Legum v. Lloyds*, No. 3:13-CV-01864 (VLB), 2015 WL 5601846, at *6 (D. Conn. Sept. 23, 2015) ("Connecticut law is clear that after a notice of *lis pendens* is filed with respect to a certain property, subsequent encumbrances placed on the property will be subject to the resolution of the underlying action, and holders of those encumbrances will be bound by the result as if they had been made parties to the action itself.").

The relevant date is the date of the recording of an interest in property rather than the date the interest was created. *See, e.g.*, *Bank of New York Mellon v. Hatheway*, No. HHBCV185024637S, 2019 WL 4858296, at *15 (Conn. Super. Ct. Sept. 9, 2019) (concluding that an alleged quitclaim deed executed before a *lis pendens* was recorded, but not recorded until after the *lis pendens* was recorded, was extinguished by a foreclosure because "it does not matter when an alleged conveyance or encumbrance took place; what matters is when notice of such conveyance or encumbrance is recorded on the land records").

Here, it is undisputed that Van Eck did not *at any time* record any assignment of the Mortgage in his favor. Defs.' L.R. 56(a)1 St. ¶¶ 2, 5, ECF No. 39-1. He also did not move to be made a party to the foreclosure. *Id.* ¶ 6. In his opposition, Van Eck argues that Foreclosure Action ended in a dismissal for failure to prosecute rather than a judgment in favor of Deutsche Bank. Pl.'s Memo. Summ. J., at 2-4, ECF No. 53. The Foreclosure Action state court docket reflects that there was an order entered dismissing the case in 2010. ECF No. 39-2, at 4. However, Deutsche Bank filed a motion to reargue the dismissal order soon after and the case thereafter was restored to the docket by action of the court. *See* ECF No. 54-1, at 1-7 (motion to reargue); ECF No. 39-2, at 4 (action of court at Docket 134 "replac[ing] record to pleading

11

status"). The Superior Court continued to enter orders in the case—including granting plaintiff's motion for summary judgment—and eventually rendered a strict foreclosure judgment in 2018. *Id.* at 8.

Accordingly, the court agrees with Bauer Defendants that "any unrecorded interest Van Eck may have had in the Property has been foreclosed out and Van Eck cannot now seek to litigate claims which could and should have been litigated in the Foreclosure Action." Defs.' Mem. Summ. J. at 5, ECF No. 39-14.

In addition, as the Bauer Defendants argue, Van Eck is estopped from challenging the title that devolved pursuant to the judgment in the Foreclosure Action due to his failure to record any assignment of the Mortgage in his favor. Conn. Gen. Stat. § 47-10 provides that "[n]o conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies." Conn. Gen. Stat. § 47-10(a). This provision applies to assignment of mortgages. *See Family Fin. Servs. v. Spencer*, 677 A.2d 469, 484 (Conn. App. Ct. 1996) (stating that "[m]ortgages have always been regarded as conveyances of land within the meaning of the recording statute. . . . The assignment is in effect a conveyance of the land included in the mortgage. . . . That an assignment of a mortgage falls within the purview of the recording statute follows from the nature of such an instrument."). Thus, even if Virtualbank assigned the Mortgage twice as Van Eck claims, the rights of Deutsche Bank and its successors in title are superior to Van Eck's because Deutsche Bank recorded an assignment of the Mortgage in its favor, and Van Eck did not. *See Second Nat. Bank v. Dyer*, 184 A. 386, 389 (Conn. 1936) ("The basis of the protection so afforded is an equitable estoppel which arises out of the fact that the person who has failed to record the instrument under which he claims has thereby misled creditors into the belief that

12

title is in the person who appears upon the record to own the property. The person claiming the property may have a good title to it, but as against any one who is entitled to rely upon the record he is barred from asserting that title.") (citations omitted).

Moreover, I agree with the Bauer Defendants that to the extent Van Eck asserts what is in essence Reddy's claim that he is the true owner of the Property, standing principles prevent relief for Van Eck. "In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991). Van Eck does not claim to be the borrower with respect to the Mortgage, the owner of the Property, or a party who would own the Property if the foreclosure was invalid and of no effect. Indeed, the state court in Maine dismissed a similar claim brought by Van Eck on the ground Van Eck lacked standing to assert Reddy's claim. ECF No. 39-10, at 1; *see also Big Blue Cap. Partners, LLC v. Recontrust Co.*, No. 6:11-CV-06368-AA, 2012 WL 1605784, at *6 (D. Or. May 4, 2012) (dismissing on prudential standing grounds where "plaintiff's complaint asserts the rights of a third-party, as defendants' allegedly wrongful non-judicial foreclosure proceedings infringed only upon the Reids' interests").

For these reasons, I grant Bauer Defendants' Motion for Summary Judgment.

Finally, because the Complaint contains no specific allegations relating to Ryan McSpedon, I grant McSpedon's Motion to Dismiss. A complaint must give a defendant fair notice of the claim and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of cause of action's elements will not do.") (citations omitted); *Holmes v. Allstate Corp.*, No.

13

11 CIV. 1543 LTS DF, 2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012), *report and recommendation adopted*, No. 11 CIV. 1543 LTS DCF, 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012) ("Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it.").

Although a court ordinarily should not dismiss a *pro se* complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," any attempt by plaintiff here to bolster her federal claims appears futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, given my ruling on the Bauer Defendants' Motion for Summary Judgment, and given the claims against McSpedon are derivative of the claims against the Bauer Defendants, it would be futile for Van Eck to amend his complaint. Accordingly, Van Eck's claim against McSpedon is dismissed with prejudice.

## IV.   CONCLUSION

For these reasons stated above, Defendant Mark Bauer and Mark S. Bauer, LLC's Motion for Summary Judgment is **GRANTED**.

Defendant Ryan McSpendon's Motion to Dismiss is **GRANTED**. The Complaint as to Defendant Ryan McSpendon is dismissed with prejudice.

The Clerk of Court is respectfully directed to enter judgment in favor of all Defendants and to close the case.

**SO ORDERED.**

New Haven, Connecticut
August 19, 2025

                                          /s/*Sarah F. Russell*
                                        SARAH F. RUSSELL
                                        United States District Judge